Matter of Elijah S. (Mercedes S.) (2020 NY Slip Op 01010)





Matter of Elijah S. (Mercedes S.)


2020 NY Slip Op 01010


Decided on February 13, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 13, 2020

Gische, J.P., Kapnick, Webber, Moulton, JJ.


11009 B91/15 B92/15 B93/15

[*1] In re Elijah S., and Others, Dependent Children Under the Age of Eighteen Years, etc., Mercedes S., Respondent-Appellant. New Alternatives for Children, Petitioner-Respondent.


Simpson Thacher & Bartlett LLP, New York (Nihara K. Choudhri of counsel), for appellant.
Law Offices of James M. Abramson, PLLC, New York (James M. Abramson of counsel), for respondent.
Dawne A. Mitchell, The Legal Aid Society, New York (John A. Newbery of counsel), attorney for the children.



Order, Family Court, Bronx County (Monica D. Shulman, J.), entered on or about October 9, 2018, which, upon a December 19, 2016 oral fact-finding determination, same court (Carol Sherman, J.), that respondent mother permanently neglected the subject children, terminated respondent's parental rights, and transferred custody of the children to petitioner agency for purposes of adoption, unanimously affirmed, without costs.
The determination that the children were permanently neglected by respondent is supported by clear and convincing evidence (see Social Services Law § 384-b[7][a]). The agency engaged in diligent efforts to encourage and strengthen respondent's relationship with the children by developing a service plan, offering to make referrals and monitoring her mental health services, offering and providing assistance with her public housing application, keeping her apprised of all the children's medical, educational, and therapeutic appointments, and scheduling and facilitating visits with the children (see Matter of Jaheim B. [April M.], 176 AD3d 558, 558 [1st Dept 2019]). However, despite these efforts, respondent failed both to maintain contact with the children and to plan for their future (see Social Services Law § 384-b[7][a]; see Matter of Angelica D. [Deborah D.], 157 AD3d 587, 588 [1st Dept 2018]). She failed to visit with the children consistently, and did not see or contact them from September 2014 to February 2015. Respondent also failed to address the problems that led to the children's removal, including her failure to timely obtain necessary medical treatment for the children, failed to attend numerous medical, educational, and therapeutic appointments for the children and either refused to sign numerous medical consent forms or delayed signing them for so long that the agency was forced to obtain medical overrides. She also stopped attending mental health therapy (see Matter of Megan Victoria C-S. [Maria Ester S.], 84 AD3d 472 [1st Dept 2011]).
The determination that termination of respondent's parental rights is in the best interests of the children is supported by a preponderance of the evidence (see Matter of Star Leslie W., 63 NY2d 136, 147-148 [1984]). The record shows that the children have been in a stable and loving foster home for more than five years and that the foster parents meet all of their daily needs as well as their significant medical needs (see Matter of Elijah G. [Stephanie S.], 173 AD3d 525, 526 [1st Dept 2019], lv denied 34 NY3d 903 [2019]). While one of the children currently resides in a residential treatment facility, the record shows that the intention is that he will return to the foster home once he is psychiatrically stable.
The record also shows that the mother had not seen the children in more than two years [*2]and had not taken any steps to remedy that situation. Under the circumstances, a suspended judgment is not warranted (id.).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: FEBRUARY 13, 2020
CLERK